## David Liberman *v.* Northern Trust Company, Appellant.

Argued October 16, 1930. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Francis Chapman,* for appellant.

*Maurice J. Teitelbaum,* for appellee.

OPINION BY GAWTHROP, J., December 27, 1930:
The single question is whether the court below should have held plaintiff guilty of contributory negligence as matter of law. From the evidence the jury might have found that about 11:30 o'clock A. M. on a rainy day plaintiff was driving an automobile west on Vine Street. When he was at the house line of Fifth Street travelling at twelve miles per hour, he looked to his left and saw defendant's automobile two hundred feet away, but did not notice its speed. He proceeded slowly and when he was just "entering the first rail" of the trolley tracks on Fifth Street he saw defendant's automobile one hundred feet away and it appeared to him to be going about thirty-five miles per hour. He then saw also that the automobile, which was running "on the east side rail" of Fifth Street, changed its course to the left side of Fifth Street, the west side, without slackening its speed. Plaintiff then turned right on Fifth Street to give defendant a chance to turn into Vine Street, if he so desired. The right front of defendant's automobile struck the left front of plaintiff's automobile and then

ran into a pole on the west side of Fifth Street. No testimony was presented by defendant.

As plaintiff reached the crossing first and well in advance of defendant he had the technical right of way and could assume that defendant would recognize this fact and act accordingly. It was for the jury to say, in the circumstances, whether plaintiff, as a reasonably prudent driver, was justified in taking the course he did. We cannot say, as matter of law, that the only rational conclusion from the evidence is that he was contributorily negligent.

The judgment is affirmed.